IN THE CIRCUIT COURT OF THE
NINTH JUDICIAL CIRCUIT IN AND FOR
ORANGE COUNTY, FLORIDA

**JAMES FELIX** and
**PENELOPE STANLEY,**

      **Plaintiffs,**

vs.

**WAL-MART STORES EAST, LP,** a
Foreign Limited Partnership,

      **Defendant.**

_____/

CASE NO:

## **COMPLAINT**

COMES NOW Plaintiffs, JAMES FELIX and PENELOPE STANLEY, by and through the undersigned counsel sue Defendant, WAL-MART STORES EAST LP (hereinafter "WAL-MART), and alleges:

1. This is an action for damages that exceeds the sum of THIRTY THOUSAND DOLLARS ($30,000.00), exclusive of costs, interest and attorneys' fees (The estimated value of Plaintiff's claim is in excess of the minimum jurisdictional threshold required by this Court). Accordingly, Plaintiff has entered "$30,001" in the civil cover sheet for the "estimated amount of the claim" as required in the preamble to the civil cover sheet for *jurisdictional purposes only* (the Florida Supreme Court has ordered that the estimated "amount of claim" be set forth in the civil cover sheet for data collection and clerical purposes only). The actual value of Plaintiff's claim will be determined by a fair and just jury in accordance with Article 1, Section 21, Fla. Const.

**EXHIBIT B**

2. At all times material to this action, Plaintiff, JAMES FELIX, is a natural person residing in Orlando, Orange County, Florida.

3. At all times material to this action, Plaintiff, PENELOPE STANLEY, is a natural person residing in Orlando, Orange County, Florida.

4. At all times material to this action, WAL-MART is a foreign limited partnership licensed to and doing business in the State of Florida.

5. At all times material hereto, Defendant, WAL-MART was the owner and in possession of that certain business located at 5734 South Orange Blossom Trail, Orlando, Orange County, Florida, said business being that of a retail establishment, open to the general public, including the Plaintiffs herein.

6. Venue is proper in Orange County because the alleged incident occurred in Officer County.

**FACTS COMMON TO ALL COUNTS**

7. On or about December 24, 2019, Plaintiffs, JAMES FELIX and PENELOPE STANLEY, visited Defendant, WAL-MART's premises located at the above address.

8. At said and time place, Plaintiff, JAMES FELIX, was operating motor vehicle of which, Plaintiff, PENELOPE STANLEY, was a passenger, in the parking lot of Defendant, WAL-MART's premises located at the above address.

9. At said time and place, while lawfully on Defendant, WAL-MART's premises located at the above address as a business invitee, Plaintiff, JAMES FELIX's, vehicle struck a pothole, and, as a consequence, Plaintiffs, JAMES FELIX and PENELOPE STANLEY, sustained severe bodily injury.

EXHIBIT B

## COUNT I: PLAINTIFF, JAMES FELIX CLAIM OF NEGLIGENCE AGAINST DEFENDANT, WAL-MART

10. Plaintiff, JAMES FELIX, adopts and realleges Paragraphs 1 through 9 as fully set forth herein.

11. At said time and place, Plaintiff, JAMES FELIX was a guest at the retail establishment, lawfully upon the premises of the Defendant, WAL-MART, who owed Plaintiff, JAMES FELIX, a duty to exercise reasonable care for his safety.

12. At said time and place, Defendant, WAL-MART breached its duty owed to Plaintiff, JAMES FELIX, by committing one or more of the following omissions or commissions:

a) Negligently failing to maintain or adequately maintain the parking lot, thus creating a hazardous condition to members of the public utilizing said parking lot, including the Plaintiff herein, thus creating an unreasonably dangerous condition for Plaintiff;

b) Negligently failing to inspect or adequately inspect the parking lot, as specified above, to ascertain whether the pothole constituted a hazard to pedestrians utilizing said parking lot, including the Plaintiff herein, thus creating an unreasonably dangerous condition to the Plaintiff;

c) Negligently failing to inspect or adequately warn the Plaintiff of the danger of the parking lot, when Defendant knew or through the exercise of reasonable care should have known that said parking lot was unreasonably dangerous and that Plaintiff was unaware of same; and

d) Negligently failing to correct or adequately correct the unreasonably dangerous condition of the parking lot on Defendant's premises, when said condition was either known to Defendant or had existed for a sufficient length of time such that Defendant should have known of same had Defendant exercised reasonable care.

13. As a result, while Plaintiff, JAMES FELIX, was visiting Defendant, WAL-MART's business, his vehicle struck a pothole, sustaining injuries as set forth.

14. As a direct and proximate result of the negligence of Defendant, Plaintiff suffered bodily injury in and about his body and extremities, resulting in pain and suffering, disability, disfigurement, permanent and significant scarring, mental anguish, loss of the capacity for the enjoyment of life, expense of hospitalization, medical and nursing care and treatment, loss of earning, loss of the ability to earn money, and aggravation of previously existing condition. The losses are either permanent or continuing and Plaintiff, JAMES FELIX will suffer the losses in the future.

WHEREFORE, the Plaintiff, JAMES FELIX, demands judgment for damages against Defendant, WAL-MART, for personal injury including the losses enumerated herein, costs, interest and for other such relief as may be just and equitable and otherwise deemed proper by the Court.

**COUNT II: PLAINTIFF, PENELOPE STANLEY, CLAIM OF NEGLIGENCE AGAINST DEFENDANT, WAL-MART**

15. Plaintiff, PENELOPE STANLEY, adopts and realleges Paragraphs 1 through 9 as fully set forth herein.

EXHIBIT B

16. At said time and place, Plaintiff, PENELOPE STANLEY was a guest at the retail establishment, lawfully upon the premises of the Defendant, WAL-MART, who owed Plaintiff, PENELOPE STANLEY, a duty to exercise reasonable care for her safety.

17. At said time and place, Defendant, WAL-MART, breached its duty owed to Plaintiff, PENELOPE STANLEY, by committing one or more of the following omissions or commissions:

e) Negligently failing to maintain or adequately maintain the parking lot, thus creating a hazardous condition to members of the public utilizing said parking lot, including the Plaintiff herein, thus creating an unreasonably dangerous condition for Plaintiff;

f) Negligently failing to inspect or adequately inspect the parking lot, as specified above, to ascertain whether the pothole constituted a hazard to pedestrians utilizing said parking lot, including the Plaintiff herein, thus creating an unreasonably dangerous condition to the Plaintiff;

g) Negligently failing to inspect or adequately warn the Plaintiff of the danger of the parking lot, when Defendant knew or through the exercise of reasonable care should have known that said parking lot was unreasonably dangerous and that Plaintiff was unaware of same; and

h) Negligently failing to correct or adequately correct the unreasonably dangerous condition of the parking lot on Defendant's premises, when said condition was either known to Defendant or had existed for a sufficient length of time such that Defendant should have known of same had Defendant exercised reasonable care.

# EXHIBIT B

18. As a result, while Plaintiff, PENELOPE STANLEY, was visiting Defendant, WAL-MART's business, the vehicle she occupied struck a pothole, sustaining injuries as set forth.

19. As a direct and proximate result of the negligence of Defendant, WAL-MART, Plaintiff, PENELOPE STANLEY suffered bodily injury in and about her body and extremities, resulting in pain and suffering, disability, disfigurement, permanent and significant scarring, mental anguish, loss of the capacity for the enjoyment of life, expense of hospitalization, medical and nursing care and treatment, loss of earning, loss of the ability to earn money, and aggravation of previously existing condition. The losses are either permanent or continuing and Plaintiff, PENELOPE STANLEY will suffer the losses in the future.

WHEREFORE, the Plaintiff, PENELOPE STANLEY, demands judgment for damages against Defendant, WAL-MART STORES EAST LP, for personal injury including the losses enumerated herein, costs, interest and for other such relief as may be just and equitable and otherwise deemed proper by the Court.

## DEMAND FOR JURY TRIAL

Plaintiffs, JAMES FELIX and PENELOPE STANLEY, demand a jury trial on all issues so triable of each and every one of the counts set forth above.

**RESPECTFULLY** submitted this 11th day of November, 2020.

*/s/ Ashley M. Nelson*
Ashley M. Nelson, Esquire
FBN: 1018349
Morgan & Morgan, P.A.
20 N. Orange Avenue
Suite 1600
Orlando, FL 32801
Telephone:   (407) 867-4823

**EXHIBIT B**

        Facsimile: (407) 452-1632
        Primary email: <u>ANelson@forthepeople.com</u>
        Secondary email: <u>MNunez@forthepeople.com</u>
        Attorneys for Plaintiff

# EXHIBIT B